IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL KEITH REYES**,

    Plaintiff,

vs.                                                                                       Civ. No. 10-543 BB/RLP

**CENTRAL NEW MEXICO COMMUNITY COLLEGE;
LT. KEAR; B. ROGERS; A. JARAMILLO; F. GALLEGOS;
M. PERKINS, LEE CARRILLO, K. TROUNGE**,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff Paul Keith Reyes' Motion to Proceed *In Forma Pauperis* with Financial Affidavit, filed June 3, 2010, *see* Doc. 3[1], and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument

---

[1] I take judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Judge Herrera has imposed filing restrictions limiting Reyes' ability to continue to file pro se complaints in this Court. *See Reyes v. State*, No. 10cv343 JH/RLP Doc. 9 (D.N.M. June 4, 2010). But because Reyes filed this Complaint one day before Judge Herrera issued her final Order imposing the restrictions, I have not applied those restrictions here. In the future, Reyes must obey Judge Herrera's Order imposing restrictions or his complaints will be summarily returned to him.

on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory).

**I.  Reyes has failed to submit sufficient documentation.**

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court first notes that, although he previously has been admonished about refusing to sign his name on the signature line of sworn affidavits, *see Reyes v. Chaves*, No. 09cv1174 WPL/RHS Doc. 5 (D.N.M. Jan. 14, 2010) (denying IFP in part because Reyes "appears to be playing games with his signature, now using a symbol of some sort instead of signing his name"), once again Reyes has placed a symbol instead of his signature on the signature line of both his affidavit and his Complaint. *See* Doc. 3 at 3; Doc. 1 at 11, 13. Thus, Reyes did not file, as required by 28 U.S.C. § 1915(a)(1), a properly signed "affidavit." Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a

false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own. The Court will deny Reyes' motion to proceed IFP because he has refused to properly sign his name on the affidavit's signature line where he is to show that he is signing the document under penalties of perjury.

**II. Reyes' Complaint fails to state a cognizable federal claim.**

Even if Reyes had properly signed the affidavit and Complaint, however, the Court would still deny IFP and dismiss his Complaint. In screening Reyes' Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). In screening the Complaint, the Court will accept as true Reyes' factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Reyes. *See id.* at 1217.

But in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S.

3

at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. In *Ashcroft v. Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). The Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

**A. § 1983 claims against the CNMCC security officers and the APD officer.**

Reyes alleges that on June 2, 2010, after he received a letter from the United States Department of Education requiring him to begin repayment on defaulted education loans related to classes he took at CNMCC, Reyes went to the CNMCC campus to check his grade point average and to challenge his disenrollment from CNMCC for insufficient grades. *See* Complaint at 3-4. During his conversation with an "unknown financial supervisor," the interaction became heated, the employee "got upset," an argument ensued, and Reyes "walk[ed] out . . . before the disagreement escaladed [sic] into a fist fight or worse." *Id.* at 3. Someone called CNMCC's security department,

and Defendant security-officers Kear, Rogers, Jaramillo, Gallegos and Perkins responded and refused to allow Reyes to leave before APD Officer Trounge could arrive. *See id.* After investigation, Officer Trounge issued to Reyes a "Criminal Trespass Notification - Order Not to Return." Complaint at 9 (Att. 3).

Although Reyes alleges that the security officers "unlawfully charged" Reyes with criminal trespass, the Notification does not "charge" Reyes with criminal trespass but, instead, prohibits him from going on any CNM campus *in the future* under penalty of a *future* criminal-trespass charge. *See id.*

For his cause of action, Reyes contends that the security officers and Officer Trounge "unlawfully search[ed] and seize[d]" him by detaining him after the disturbance. But Trounge did not arrest Reyes, and limited investigatory detentions of suspects after a call requesting police assistance has been made are generally reasonable under the Fourth Amendment. The Supreme Court has held that officers may temporarily detain an individual suspected of criminal activity if there are circumstances reasonably warranting that intrusion. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reyes' Complaint acknowledges that his interaction with the financial aid officer almost turned physically violent. *Terry* stops "constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause, so long as police have an articulable basis for suspecting criminal activity." *Michigan v. Summers*, 452 U.S. 692, 699 (1981). Reyes has failed to state sufficient facts to show that any of the officers violated his constitutional rights, thus his claims brought against them under § 1983 must be dismissed. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because, under the circumstances

set forth in his Complaint, it would be futile to allow Reyes an opportunity to amend his Complaint, the § 1983 claims will be dismissed with prejudice.

**B. The Court will not take supplemental jurisdiction over state-law claims against CNMCC and/or Carrillo.**

According to the Complaint, Defendant Carrillo is the Director of Financial Aid at CNMCC, but Reyes does not allege that he had any personal involvement in this case. Reyes contends that CNMCC breached its contract with him by disenrolling him because it "neglected to consider [his] G.P.A. and the agreement to provide funds by the U.S. Dept. of Education." Complaint at 4. Based on contract principles, *see id.*, he seeks recovery of $2692 (the amount of his student loan), or whatever amount the U.S. Department of Education tries to recover from him. *Id.* at 5. Because Reyes failed to state a claim for violation of § 1983 and has otherwise stated no facts to establish federal-question or diversity jurisdiction, the Court will not take supplemental jurisdiction over any potential state-law claims and will dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3) (permitting district courts to decline to exercise supplemental jurisdiction over related state-law claims when "the district court has dismissed all claims over which it has original jurisdiction"); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

Now, therefore,

**IT IS ORDERED** that Reyes' motion to proceed IFP (Doc. 2) is DENIED; his § 1983 claims against Defendants Kear, Rogers, Jaramillo, Gallegos, Perkins, and Trounge are DISMISSED WITH

PREJUDICE for failure to state a claim under § 1915(e)(2)(B)(ii); and his state-law breach-of-contract claim against Defendants CNMCC and Carrillo is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE